**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division**

| | |
|---|---|
| **JOEL ROSS,** | ) |
| Plaintiff, | ) |
| v. | ) |
| **SEAWORLD PARKS & ENTERTAINMENT LLC, d/b/a BUSCH GARDENS WILLIAMSBURG** | ) Case No. 4:23-CV-109 |
| and | ) **Jury Trial Demanded** |
| **JOHN DOE** | ) |
| Defendants. | ) |

**AMENDED COMPLAINT**

COMES NOW the plaintiff, Joel Ross, by counsel, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), and files this as his Amended Complaint against the defendants, SeaWorld Parks & Entertainment LLC, d/b/a Busch Gardens Williamsburg and JOHN DOE, and demands judgment against the defendants in the amount of TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000.00), together with the costs of this action and pre-judgment interest from May 29, 2021, until paid, for the following to-wit:

1. Plaintiff, Joel Ross, is an adult resident of Pennsylvania.

2. Defendant SeaWorld Parks & Entertainment LLC, d/b/a Busch Gardens Williamsburg, at all times material herein, was and is a limited liability company incorporated and existing under the laws of Delaware and registered as an entity authorized to transact business in the Commonwealth of Virginia, that owned

and/or operated Busch Gardens Williamsburg located at 1 Busch Gardens Blvd, Williamsburg, VA 23185.

3. Defendant SeaWorld Parks & Entertainment LLC, d/b/a Busch Gardens Williamsburg is referred to hereinafter as "SeaWorld."

4. At all times material herein, SeaWorld was acting by and through its agent, representatives and/or employees, all of whom were acting within the course and scope of their agency, representation, and/or employment.

5. On May 29, 2021, and all times material herein, plaintiff was a lawful guest and invitee upon SeaWorld's Busch Gardens Williamsburg, located at 1 Busch Gardens Blvd, Williamsburg, VA 23185 ("Premises").

6. On that same date, while plaintiff was a lawful guest and invitee inside the Premises, he slipped and fell due to a slippery oil-like walkway.

7. At all times material herein, SeaWorld and its agents, representative and/or employees owed a duty to plaintiff to use ordinary and reasonable care; to properly inspect and maintain the Premises, including the walkways; and to remove unsafe conditions and/or adequately and properly warn of unsafe conditions on the Premises, including the walkways, so that persons in the area, including plaintiff, might be reasonably safe.

8. At all times material herein, the walkway where plaintiff slipped and fell was not reasonably safe and involved an unreasonable risk of harm.

9. The said unsafe condition was known, or in the exercise of reasonable care and inspection, should have been known to SeaWorld, but was unknown and/or concealed to plaintiff.

10. SeaWorld, its agents, representatives, and/or employees, having owed a duty of care to plaintiff, breached that duty and were negligent in the following respects:

   a. Failing to use ordinary care;

   b. Failing to provide a reasonably safe environment;

   c. Failing to maintain the Premises, including the walkways, in a reasonably safe condition and manner;

   d. Failing to make a reasonable inspection of the Premises, including the walkways, and/or failing to take reasonable action to correct the unsafe and hazardous condition which SeaWorld knew and/or in the exercise of reasonable care, inspection, and supervision, should have known existed and where plaintiff could reasonably be expected to walk;

   e. Failing to warn individuals, including plaintiff, of the hidden peril and/or unsafe condition that existed on the Premises which SeaWorld knew, or in the exercise of reasonable care and inspection, should have known existed;

   f. Failing to warn individuals, including plaintiff, and/or failing to correct the dangerous and unsafe condition created by SeaWorld after SeaWorld knew, or with reasonable care should have known that such a condition existed;

   g. Failing to keep the Premises, including the walkways, fit and reasonably safe for the foreseeable uses by others, including plaintiff; and

   h. Failing to otherwise exercise due care with respect to the matters alleged in this Complaint that shall be shown through discovery and proven at the trial of this action.

11. At all times material herein, SeaWorld, its agents, servants, and/or employees were acting within the course and scope of their agency, servitude, and/or employment with SeaWorld, and any negligent actions of these individuals are imputed to SeaWorld.

12. SeaWorld is vicariously liable for the negligent acts and omissions of its employees, representatives, and agents.

13. Plaintiff was not negligent in any respect and did not contribute to his injuries.

14. As a direct and a proximate result of SeaWorld's negligence, plaintiff was caused to suffer serious and permanent injuries; has suffered and will in the future continue to suffer great physical pain, mental anguish, disfigurement, and disability; has incurred and will in the future incur medical and related expenses; has suffered and will in the future suffer a loss of earnings and earning capacity; and has been unable and will in the future be unable to attend to his necessary and lawful affairs.

**COUNTS AGAINST JOHN DOE IN THE ALTERNATIVE**

15. Defendant JOHN DOE, at all times material herein, was and is either a corporation or limited liability company, incorporated/organized and existing under the laws of Virginia and registered as an entity authorized to transact business in the Commonwealth of Virginia, owned and/or operated at Busch Gardens Williamsburg located at 1 Busch Gardens Blvd, Williamsburg, VA 23185.

16. At all times material herein, defendant was acting by and through its agents, representatives and/or employees, all of whom were acting within the course and scope of their agency, representation, and/or employment.

17. On May 29, 2021, and all times material herein, plaintiff was a lawful guest and invitee upon Busch Gardens Williamsburg, located at 1 Busch Gardens Blvd, Williamsburg, VA 23185 ("Premises").

18. On that same date, while plaintiff was a lawful guest and invitee inside the Premises, he slipped and fell due to a slippery oil-like walkway.

19. At all times material herein, defendant, JOHN DOE and its agents, representatives and/or employees owed a duty to plaintiff to use ordinary and reasonable care; to properly inspect and maintain the Premises, including the walkways; and to remove unsafe conditions and/or adequately and properly warn of unsafe conditions on the Premises, including the walkways, so that persons in the area, including plaintiff, might be reasonably safe.

20. At all times material herein, the walkway where plaintiff slipped and fell was not reasonably safe and involved an unreasonable risk of harm.

21. The said unsafe condition was known, or in the exercise of reasonable care and inspection, should have been known to defendant, but was unknown and/or concealed to plaintiff.

22. Defendant, its agents, representatives, and/or employees, having owed a duty of care to plaintiff, breached that duty and were negligent in the following respects:

    a. Failing to use ordinary care;

    b. Failing to provide a reasonably safe environment;

    c. Failing to maintain the Premises, including the walkways, in a reasonably safe condition and manner;

    d. Failing to make a reasonable inspection of the Premises, including the

walkways, and/or failing to take reasonable action to correct the unsafe and hazardous condition which the defendant knew and/or in the exercise of reasonable care, inspection, and supervision, should have known existed and where plaintiff could reasonably be expected to walk;

e. Failing to warn individuals, including plaintiff, of the hidden peril and/or unsafe condition that existed on the Premises which the defendant knew, or in the exercise of reasonable care and inspection, should have known existed;

f. Failing to warn individuals, including plaintiff, and/or failing to correct the dangerous and unsafe condition created by the defendant after defendant knew, or with reasonable care should have known that such a condition existed;

g. Failing to keep the Premises, including the walkways, fit and reasonably safe for the foreseeable uses by others, including plaintiff; and

h. Failing to otherwise exercise due care with respect to the matters alleged in this Complaint that shall be shown through discovery and proven at the trial of this action.

23. At all times material herein, the defendant, its agents, servants, and/or employees were acting within the course and scope of their agency, servitude, and/or employment with the defendant, and any negligent actions of these individuals are imputed to the defendant.

24. Defendant is vicariously liable for the negligent acts and omissions of its employees, representatives, and agents.

25. Plaintiff was not negligent in any respect and did not contribute to his injuries.

26. As a direct and a proximate result of defendant JOHN DOE's negligence, plaintiff was caused to suffer serious and permanent injuries; has suffered and will in the future continue to suffer great physical pain, mental anguish, disfigurement, and disability; has incurred and will in the future incur medical and related expenses; has suffered and will in the future suffer a loss of earnings and earning capacity; and has been unable and will in the future be unable to attend to his necessary and lawful affairs.

WHEREFORE, plaintiff, Joel Ross, by counsel, hereby demands judgment against the defendants SeaWorld Parks & Entertainment LLC, d/b/a Busch Gardens Williamsburg and JOHN DOE, jointly and severally, in the amount of TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000.00), together with the costs expended in this matter and pre-judgment interest.

Plaintiff demands a **TRIAL BY JURY**.

**JOEL ROSS**

By: _____/s/_____
Jared C. Birckholtz VSB# 85064
Joshua J. Coe, VSB# 80236
Anthony M. Gantous, VSB# 78186
ANCHOR LEGAL GROUP, PLLC
5101 Cleveland Street, Suite 100
Virginia Beach, VA 23462
Telephone: (757) 529-0000
Facsimile: (757) 909-7241
Email: jcoe@anchorlg.com
anthony@anchorlg.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on August 25, 2023, I electronically filed the foregoing Amended Complaint using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

               By    /s/
               Jared C. Birckholtz, VSB# 85064
               Joshua J. Coe, VSB# 80236
               Anthony M. Gantous, VSB# 78186
               ANCHOR LEGAL GROUP, PLLC
               5101 Cleveland Street, Suite 100
               Virginia Beach, VA 23462
               Telephone: (757) 529-0000
               Facsimile: (757) 909-7241
               Email: jared@anchorlg.com
                   jcoe@anchorlg.com
                   anthony@anchorlg.com

               *Counsel for Plaintiff*