IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| JOEL ROSS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SEAWORLD PARKS & ENTERTAINMENT LLC, d/b/a BUSCH GARDENS WILLIAMSBURG | ) Case No. 4:23-cv-109 |
| And | ) |
| | ) |
| JOHN DOE | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO BIFURCATE LIABILITY AND DAMAGES**

COMES NOW, Defendant SeaWorld Parks & Entertainment LLC d/b/a Busch Gardens Williamsburg ("Busch Gardens"), by counsel, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, and states as follows in support of its Motion to Bifurcate the trial of this matter into separate liability and damages phases.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff commenced this personal injury action in the Circuit Court for Williamsburg-James City County on or about May 12, 2023. Busch Gardens timely removed the action to this Court. In his Complaint, Plaintiff alleges that he was injured on May 29, 2021, when he slipped and fell on a walkway at Busch Gardens Williamsburg ("the Park") and seeks $2,500,000.00 in compensatory damages. *See*, *e.g.,* ECF No. 1-1, Compl. ¶¶ 7, 14, and Prayer for Relief. Busch Gardens denies liability and has asserted the affirmative defenses of contributory negligence and

assumption of the risk. ECF No. 12, Ans. at Affirm. Def. ¶¶ 1-3. A four-day jury trial is scheduled to commence on March 18, 2024.

## ARGUMENT & AUTHORITY

### I. The Standard for Conducting Separate Trials.

Federal Rule of Civil Procedure 42(b) empowers this Court to order separate trials—also known as bifurcation— "[f]or convenience, to avoid prejudice, or to expedite and economize[.]" Fed. R. Civ. P. 42(b). Because the Rule is disjunctive, "[o]nly one of these criteria need be met to justify bifurcation." *Jones v. City of Danville*, No. 4:20-cv-20, 2021 U.S. Dist. LEXIS 77683, at *4 (W.D. Va. Apr. 22, 2021) (quoting *Saxion v. Titan-C-Mfg.*, 86 F.3d 553, 556 (6th Cir. 1996)). "Courts may also bifurcate a trial to avoid confusion or to serve the ends of justice." *Id.* (citing *U.S. ex rel. Miller v. Bill Harbert Intern. Const., Inc.*, No. 95-1231, 2007 U.S. Dist. LEXIS 17795, 2007 WL 851823, at *1 (D.D.C. Mar. 14, 2007)).

The decision to bifurcate a trial "is within the sound discretion of the trial judge." *Bowie v. Sorrell*, 209 F.2d 49, 51 (4th Cir. 1953); 9A Wright & Miller, Fed. Prac. & Proc. § 2389 (3d ed., Aug. 2019 Update) ("Rule 42(b) is sweeping in its terms and allows the district court, in its discretion to grant a separate trial of any kind of issue in any kind of case."). This decision must be made on a case-by-case basis, taking into account the individual facts and circumstances of each case. *See Marryshow v. Bladensburg*, 139 F.R.D. 318, 319 (D. Md. 1991); *see also Epps v. Arise Scaffolding & Equip., Inc.*, No. 2:10-cv-189, 2011 U.S. Dist. LEXIS 44240, at *36 (E.D. Va. Feb. 17, 2011) (stating that "it is important that [bifurcation] be encouraged where experience has demonstrated its worth."), *report and recommendation adopted*, No. 2:10-cv-189, 2011 U.S. Dist. LEXIS 44222, at *5 (E.D. Va. Apr. 22, 2011).

Further, when the evidence relevant to one issue is prejudicial to a party on another issue, bifurcation is an appropriate solution to ensure that the parties receive a fair trial. *See EEOC v. A.C. Widenhouse, Inc.*, 576 F. App'x 227, 232 (4th Cir. 2014) (as to the jury's consideration of punitive damages evidence); *Mattison v. Dallas Carrier Corp.*, 947 F.2d 95 (4th Cir. 1991) (same). In fact, the failure to bifurcate where evidence is substantially prejudicial or inflammatory and relevant to only one issue or cause of action has been held to be an abuse of the trial court's discretion. *Dixon v. CSX Transp., Inc.*, 990 F.2d 1440, 1445 (4th Cir. 1993).

It is common for courts in the Fourth Circuit and beyond, including this Court, to bifurcate the issues of liability and damages. *See*, *e.g.*, *Gonzalez v. SeaWorld Parks & Entm't LLC*, No. 4:20-cv-27, 2021 U.S. Dist. LEXIS 140418, at \*4 (E.D. Va. July 27, 2021) ("It is more convenient and economical for the Court to bifurcate this action. If the jury finds that the Defendant is not liable for Plaintiff's injuries, the second portion of the action will be unnecessary."); *Wilburn v. City of Roanoke*, No. 7:14-cv-255, 2015 U.S. Dist. LEXIS 102085, at \*13 (W.D. Va. Aug. 4, 2015) (denying summary judgment and ordering that the issues of liability and damages be bifurcated at trial); *Hanwha Azdel, Inc. v. C&D Zodiac, Inc.*, No. 6:12-cv-23, 2013 U.S. Dist. LEXIS 108776, at \*7 (W.D. Va. Aug. 2, 2013) ("[B]ifurcation of liability and damages as to Counts IV & V would expedite the case by narrowing the scope of the evidence presented at trial."); *Franklin v. Home Depot U.S.A., Inc.*, No. 5:06-cv-48, 2007 U.S. Dist. LEXIS 42870, at \*21 (W.D. Va. June 13, 2007) (denying summary judgment and ordering that the issues of liability and damages be bifurcated at trial); *see also Gilbert v. State Farm Mut. Auto. Ins. Co.*, 311 F.R.D. 685, 686–87 (M.D. Fla. 2015) (bifurcating trial into separate phases: liability and damages).

3

## II. The Relevant Factors Favor Bifurcation of this Case.

Here, in line with the aforementioned authority, the application of Rule 42(b)'s criteria weighs in favor of bifurcation. Specifically, conducting separate phases of trial on liability and damages will promote prevailing interests of judicial economy and efficiency by potentially avoiding a second, unnecessary phase of trial. Furthermore, Plaintiff will not be unfairly prejudiced by doing so. However, if the issues are tried together, Busch Gardens will be prejudiced as the jury will see evidence, including photographs, of what most lay-people would consider a "nasty" knee injury that will likely engender sympathy in the jury that would weigh into their liability determination – despite jury instructions to avoid doing so. There is no overlap in the liability and damages evidence to be presented, and Plaintiff would likely be the only common witness to both issues.

### a. Bifurcation Would Prevent Undue Prejudice to Busch Gardens Without Any Adverse Effect on Plaintiff's Ability to Present His Case.

Bifurcation will prevent substantial prejudice to Busch Gardens. Despite the standard jury instructions regarding sympathy and bias, it will be difficult for jurors to objectively assess liability, particularly against a corporate entity, if they are inundated with evidence regarding Plaintiff's extensive injuries, lengthy medical treatment, and pain and suffering. *See*, *e.g.*, *Gilbert v. State Farm Mut. Auto. Ins. Co.*, 311 F.R.D. 685, 687 (M.D. Fla. 2015) ("Additionally, severance is preferable as it permits the jury to consider Plaintiff's liability while avoiding any potential prejudice caused by evidence of Plaintiff's severe injuries."); *Witherbee v. Honeywell, Inc.*, 151 F.R.D. 27, 29 (N.D.N.Y. 1993) ("[W]here, as here, there is evidence concerning the severity of a plaintiff's injuries, the lengthy treatment received, and the physical and economic impact of such

injuries on the plaintiff, courts have found there is a potential that a jury may be adversely and improperly affected in considering the issues of liability fairly, impartially, and objectively.").

Evidence of the alleged pain, suffering, inconvenience, treatment, and other of Plaintiff's claimed damages is wholly irrelevant to the issue of whether Busch Gardens is liable for the incident. Should Plaintiff be permitted to present lengthy evidence of damages which would overshadow his liability evidence, there is a substantial likelihood that the jury will improperly base its verdict on sympathy toward Plaintiff regardless of Busch Gardens' fault or lack thereof. While there is a risk of a sympathetic jury in many personal injury cases, it is more pronounced in this case where Plaintiff has incurred just over $57,000.00 in medical damages yet seeks a compensatory award of $2,500,000.00, indicating Plaintiff intends to lean hard on the pain and suffering components of his case. Compared to the likelihood of prejudice to Busch Gardens if the trial is not bifurcated, Plaintiff has no similar claim of prejudice should liability and damages be tried separately. Accordingly, bifurcation is appropriate here to prevent unnecessary prejudice.

### b. Bifurcation is Appropriate Under the Convenience, Efficiency, and Judicial Economy Factors of Rule 42.

It is well-established that bifurcation promotes judicial economy and efficiency where the issue of liability is separate and apart from the issue of damages, thereby requiring separate and largely independent evidence. *See*, *e.g.*, *Epps*, 2011 U.S. Dist. LEXIS 44240, at *36 (Whether liability exists involves "common facts that must be applied to one legal standard. However, the issue of damages should [plaintiffs] prevail is far more complex . . ."). Judicial economy and efficiency are also promoted via bifurcation if there is minimal overlap on the evidence of liability and damages. *See Air-Shields, Inc. v. BOC Grp.*, No. WN-91-2571, 1992 U.S. Dist. LEXIS 17398, at *3 (D. Md. Feb. 28, 1992) ("Bifurcation is warranted when the issues are particularly complex

and/or the proof of damages is essentially independent of the proof of liability."). Such circumstances are present in the current case.

Here, the absence of a significant evidentiary overlap between the two phases of trial makes bifurcation a potent tool to efficiently resolve this case. The evidence presented in the liability phase will focus on expert and fact witness testimony regarding the slip factor of the walkway at issue and, if a dangerous condition existed, whether Busch Gardens knew or should have known about it and taken preventive action. The evidence in the damages phase, however, will focus on the extent of Plaintiff's injuries, related surgery, and recovery, and will include medical expert and treating physician testimony in addition to witnesses discussing their observations of Plaintiff's pain, suffering, and inconvenience. A defense verdict on the threshold issue of liability in the first phase of trial would obviate the need for the jury to consider a wholly distinct body of evidence.

Based on discovery conducted to date, the issue of liability will be the one most vigorously contested, with scientific experts for both sides in addition to other fact witnesses. Of the four days scheduled for trial, liability is likely to take a day and a half for both sides to present (if both experts are allowed to testify). The medical evidence will also take time for both sides to present, and, more significantly, will cause both sides to incur expenses for expert testimony. This whole portion of the trial may be rendered unnecessary should the jury find for Busch Gardens on the issue of liability, thus ending the case before the medical evidence would need to come out.

Lastly, the judicial economy and juror convenience factors are also important. No doubt the Court and jurors will benefit by not having to spend extra days in trial evaluating medical evidence if such evidence becomes moot based on the liability finding. In addition to the issue of prejudice against Busch Gardens, these factors of convenience, efficiency, and judicial economy

all point towards bifurcation being the appropriate tool for the Court to use in ensuring a fair and efficient trial for everyone involved.

## CONCLUSION

WHEREFORE, Busch Gardens respectfully requests that this Court grant this Motion and bifurcate the trial of this matter into separate liability and damages phases.

Respectfully Submitted,

**SEAWORLD PARKS & ENTERTAINMENT LLC,**

By: /s/ *Jeffrey P. Miller*
      Of Counsel

Ashley W. Winsky (VSB No. 79224)
Jeffrey P. Miller (VSB No. 89410)
GENTRY LOCKE
P. O. Box 780
Richmond, Virginia 23218
Telephone: (804) 297-3704
winsky@gentrylocke.com
miller@gentrylocke.com

*Counsel for SeaWorld Parks & Entertainment LLC*

7

**CERTIFICATE OF SERVICE**

I electronically filed the foregoing with the clerk of court for the United States District Court for the Eastern District of Virginia, on this 2nd day of January 2024, using the CM/ECF system, which will send notification of such filing (NEF) to all CM/ECF registered attorneys on the NEF, including:

Joshua J. Coe
Anthony M. Gantous
Jared C. Birckholtz
ANCHOR LEGAL GROUP, PLLC
5101 Cleveland Street, Suite 100
Virginia Beach, VA 23462

*Counsel for Joel Ross*

*/s/ Jeffrey P. Miller*
Ashley W. Winsky (VSB No. 79224)
Jeffrey P. Miller (VSB No. 89410)
GENTRY LOCKE
P. O. Box 780
Richmond, Virginia 23218
Telephone: (804) 297-3704
winsky@gentrylocke.com
miller@gentrylocke.com

*Attorneys for SeaWorld Parks & Entertainment LLC*